HARWOOD, Justice
(concurring specially).
I concur specially, because of my following considerations and concerns:
I agree that the conflicting portions of the Putative Father Registry Act and the Alabama Adoption Code can be harmonized by regarding registration with the Putative Father Registry as but one of the ways by which a putative father can entitle himself to receive notice of, and the right to contest, the proposed adoption of a child born out of wedlock, but only to the extent that the putative father has, as in this case, been made known to the court within 30 days of the birth of the child. That particular time limitation is mandated by § 26-10C — l(i) of the Putative Father Registry Act, which states unambiguously and emphatically that “[a]ny person who claims to be the natural father of a child and fails to file his notice of intent to claim paternity pursuant to subsection (a) [which establishes a putative-father registry for the recording of, among other things, the name and other personal data of any person filing a notice of intent to claim paternity of a child] prior to or within 30 days of the birth of a child born out of wedlock, shall be deemed to have given an irrevocable implied consent in any adoption proceeding.”
As Judge Crawley notes in his dissent, now adopted by this Court, “[0]n November 12, [1998,] when the child was 15 days old, the putative father was ‘made known’ to the court....”
Section 26-10A-17(a)(10) of the Alabama Adoption Code, as it read at the commencement of the proceedings involved in this case, provided that “[u]nless service has been previously waived, notice of pen-dency of the adoption proceeding shall be served by the petitioner on: ... The father and putative father of the adoptee if made known by the mother or otherwise known by the court.” (Emphasis added.) That subsection was amended effective June 11, 1999, to add the following at its end, “unless the court finds that the father *853 has given implied consent to the adoption, as defined in Section 26-10A-9.” 826 So.2d at 854.
Section 26-10A-7(a)(5) of the Adoption Code provides that “[c]onsent to the petitioner’s adoption ... shall be required of the following: ... [t]he putative father if made known by the mother or is otherwise made known to the court provided he responds within 30 days to the notice he receives under § 26-10-17(a)(10).”
I agree with Judge Crawley, and with the main opinion, that “The Putative Father Registry Act can be harmonized with the Alabama Adoption Code by holding that filing with the registry is just one of several ways in which a putative father can bring about judicial awareness of his paternity claim.” 826 So.2d at 851. However, to hold that such judicial awareness can be fully effectual if occurring more than 30 days after the birth of the child in question would do extreme violence to the clear mandate of § 26-10C-1© of the codified version of the Putative Father Registry Act that notice of intent to claim paternity by means of a filing with the putative-father registry must be accomplished “pri- or to or within 30 days of the birth of the child,” or else there “shall be deemed to have been given an irrevocable implied consent in any adoption proceedings.” Such a holding would go well beyond permissible harmonizing and reconciling of two statutes, and would constitute a complete repeal of that portion of the Putative Father Registry Act.
If making known to the court the identity of the putative father may be accomplished at some point in time more than 30 days after the birth of the child, with the result that the putative father’s consent to the adoption must be required if he responds within 30 days of his receipt of notice of the adoption proceeding, then the above-quoted § 26 — 10C—l(i) of the Putative Father Registry Act is relegated to the status of a “dead letter,” and its clear legislative declaration — that a putative father who has failed to file “prior to or within 30 days of the birth of the child born out of wedlock, shall be deemed to have given an irrevocable implied consent in any adoption proceeding” — completely nullified. There is no such thing as an “irrevocable” implied consent that can become subsequently revocable, long after the passage of 30 days from the birth of the child, simply by a response by the putative father within 30 days after notice to him of the pendency of an adoption proceeding. Given the facts of this case, the “harmonization” and “reconciliation” between the Alabama Adoption Code and the Putative Father Registry Act need go no further than to judicially construe and expand § 26 — 10C—l(i) of the Putative Father Registry Act to mean “[a]ny person who claims to be the natural father of a child and fails to file his notice of intent to claim paternity [with the putative father registry]; or who is not otherwise made known to the court in which an adoption proceeding is pending, prior to or within 30 days of the birth of a child born out of wedlock, shall be deemed to have given an irrevocable implied consent in any adoption proceeding.”
The wisdom of the “30 days of the birth” time limit imposed by the Legislature is not for us to second-guess, absent constitutional impediments. We do not reach the constitutional issues the putative father raises in this case because of the disposition ordered by the main opinion, and similarly, but more restrictively, called for in this special concurrence.